IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

GENE SMITH, WALTER DAUGHERTY,
and ALLEN R. FINCH, on behalf of
themselves and all other similarly situated                    PLAINTIFFS

V.                              4:06CV00280JMM

UNUM LIFE INSURANCE
COMPANY OF AMERICA                                             DEFENDANT

## ORDER

Pending are the Defendant's Motion for Summary Judgment and Plaintiffs' Motion to Certify. The parties have responded to the motions. For the reasons set forth below, the Motions are MOOT. The case is remanded to the Circuit Court of White County, Arkansas.

I.     Undisputed Facts of the Case

Plaintiff Gene Smith is a 65 year old resident of El Paso. He worked as a sanitation worker for the City of Little Rock. Plaintiff Walter Daugherty is a 57 year old resident of Wrightsville. He worked as a parks maintenance and development foreman for the City of Little Rock. Plaintiff Allen R. Finch is a 59 year old resident of Roland. He worked as a foreman for the City of Little Rock. Each plaintiff stopped working for the City of Little Rock due to severe health issues and filed claims for long term disability benefits through the employee group insurance policy issued by Defendant Unum. Defendant Unum issues, administers, and underwrites long term disability insurance policies. Unum accepted the claims for disability and began making monthly benefit payments to each Plaintiff. After each Plaintiff began receiving disability insurance benefits from Unum, they were also granted Social Security Disability income. As a result, Unum notified the Plaintiffs that they would be required to repay Unum for

the amount of disability insurance benefit overpayments as stated in the Policy. The Plaintiffs dispute Unum's interpretation of the Policy and the legality of the provisions providing for repayment.

Plaintiffs filed suit against Unum and the City of Little Rock on March 2, 2006 in the Circuit Court of White County, Arkansas. Unum removed the action to this Court on the same day based upon diversity jurisdiction and the Class Action Fairness Act of 2005. Plaintiffs allege that the Defendant breached the contract of long term disability insurance and seek declaratory judgment as to this issue from the Court. Further, Plaintiffs contend that the insurer has committed the torts of fraud and bad faith. Plaintiffs seek compensatory and punitive damages. Plaintiffs have also included a class action claim in the suit. Plaintiffs seek compensatory damages on behalf of all employees of the State of Arkansas insured by Unum under a government plan who have been awarded Social Security benefits.

The Court subsequently dismissed the City of Little Rock pursuant to Rule 12(b)(6). The remaining defendant Unum filed a motion for summary judgment pursuant to Rule 56. Unum argues that Plaintiffs' claims are expressly precluded by the terms of the contract and Arkansas case law. Plaintiffs respond that the Defendant's motion should be denied because that question at issue is equitable, Section 407 of the Social Security Act bars Defendant's actions, as does Ark. Code Ann. § 23-86-111(b)(1) and that certification of the issue to the Arkansas Supreme Court is appropriate.

    II.      Discussion of the Law

    A.      Subject Matter Jurisdiction

The Court notes that Plaintiffs have not filed a motion to remand. Regardless, subject matter jurisdiction is a matter that can, and must, be entertained by the Court sua sponte at any

time during the proceedings when subject matter jurisdiction is in question. *See Bueford v. Resolution Trust Corp.*, 991 F.2d 481, 485 (8th Cir.1993) ( "Lack of subject matter jurisdiction, unlike many other objections to the jurisdiction of a particular court, cannot be waived. It may be raised at any time by a party to an action, or by the court sua sponte."); Fed.R.Civ.P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")  At the Court's request, the parties have filed supplemental briefs on the jurisdiction issue.  After review of the issue, the Court finds that there is no federal subject matter jurisdiction in this case.

Plaintiffs bring the following causes of action against the Defendant: fraud, declaratory judgment, bad faith, breach of contract and a class action allegation.  Defendant removed the action pursuant to 28 U.S.C. § 1441 claiming that the Court has diversity jurisdiction and jurisdiction pursuant to the Class Action Fairness Act of 2005.  It is undisputed that there is complete diversity of citizenship between Unum, a corporation incorporated in the State of Maine with a principal place of business in a state other than Arkansas, and Plaintiffs, residents and citizens of the State of Arkansas.  Defendant contends that the amount in controversy exceeds $75,000 even though the Complaint does not set forth an amount in controversy.

"[W]here . . .  the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).  In order to prove the amount in controversy in this case, the Defendant must prove that each Plaintiff's distinct claim for damages exceeds $75,0000 without aggregation.  In other words, Mr. Smith's damages must exceed $75,000 without including the

damages of Mr. Daugherty or Mr. Finch. *See Allison v. Security Benefit Life Ins. Co.,* 980 F.2d 1213, 1215 (8th Cir. 1992)("It is well settled that each plaintiff, even in a class action, must individually satisfy the . . . jurisdictional amount requirement.") This is also the rule for punitive damages. *Crawford v. Hoffman-La Roche Ltd.,* 267 F.3d 760 (8th Cir. 2001)("The separate and distinct claims of two or more plaintiffs cannot be aggregated except in cases where the plaintiffs 'unite to enforce a single title or right in which they have a common and undivided interest.' *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969). When class members have separate claims for punitive damages, those claims are not the kind of 'single, undivided res' that classically constitutes a common fund, even though the members may eventually have to share a final award of punitive damages.")

After review of the supplemental pleadings, it is clear that each Plaintiff cannot meet the $75,000 amount in controversy requirement unless considerable compensatory and punitive damages are awarded to the Plaintiffs. The amount of contract benefits at issue for Mr. Smith equals $7,635.38 including the 12% statutory penalty, for Mr. Daugherty equals $10,275.63, and for Mr. Finch equals $19,645.25. Even when accepting all of the facts alleged by the Plaintiffs as true, the Court finds that find that the damages alleged by the Plaintiffs cannot reach the jurisdictional amount necessary for federal diversity jurisdiction. *See also Williams v. ConAgra Poultry Co.*, 378 F.3d 790 (8th Cir. 2004)(With respect to punitive damage awards, "[t]he Supreme Court has observed that a ratio that exceeds single digits pushes the outer limits of constitutionality.")

Defendants also state in their Notice of Removal that jurisdiction exists under the Class Action Fairness Act of 2005. The class defined by Plaintiff in the Complaint consists of:

> . . . all employees in the State of Arkansas insured by UNUM under a government plan, as that term is defined by ERISA, who has been awarded Social Security Benefits. The class is further defined to include those individuals who UNUM has failed to pay $50.00 per month, despite the reduction for Federal Social Security Benefits within the five years preceding the filing of this lawsuit.
>
> The Class is further defined to include those employees who have paid a part of their premiums.

(Complaint at p. 5-6.) Plaintiff goes on to state that "[t]he amount in dispute is less than five million dollars. Indeed, class wide relief is appropriate, given the broad applicability of Arkansas State law." *Id.* at p. 6.

28 U.S.C. § 1332(d)(2) provides:

> "The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action . . . ."

As stated in the Plaintiffs' Complaint, there is no jurisdiction over the class action in this case because the amount in controversy is less than five million dollars. Moreover, Defendant has provided evidence to support the fact that this class cannot meet the $5 million dollar amount in controversy requirement if it is limited to Arkansas class members. Defendant argues, however, that the Plaintiffs have defined the class to include not only Arkansas residents but also residents of any of the United States. The Court disagrees.

The first sentence of Plaintiffs' class definition clearly limits the class to "employees in the State of Arkansas. . . ." The second sentence further limits the class to "individuals who UNUM has failed to pay $50.00 per month . . . ." The third sentence limits the class even further to "those employees who have paid a part of their premiums." The second and third sentences do not expand the class to a national membership but rather limit the Arkansas class. This is

apparent because the $50 per month limitation is only relevant for purposes of Plaintiffs' claim that Unum has violated Ark. Code Ann. § 23-86-111.[1]  In fact, Plaintiffs expressly state that "class wide relief is appropriate, given the broad applicability of *Arkansas* State law."  The third sentence appears to be an attempt to ensure standing of the class members.

Based upon the Plaintiffs' Complaint, the Court finds that the class action allegation does not meet the jurisdictional requirements of 28 U.S.C. § 1332(d).  The Court further finds that there is no subject matter jurisdiction in this case pursuant to the Class Action Fairness Act of 2005 or any part of 28 U.S.C. § 1332.

For these reasons, the Defendant's Motion for Summary Judgment (Docket # 15) and Plaintiffs' Motion to Certify (Docket # 19) are MOOT.  The case is remanded to the Circuit Court of White County, Arkansas.  The Clerk is directed to forward the entire case file to the Clerk of White County, Arkansas forthwith.

IT IS SO ORDERED this 6th day of November 2006.

*[signature]*
James M. Moody
United States District Judge

---

[1] Ark. Code Ann. § 23-86-111(b)(1) provides: No group accident and health insurance policy providing disability income coverage sold, delivered, or issued for delivery, renewed, or offered for sale in this state shall provide for reduction in the amount of the disability benefits payable to the insured to the extent of and because of the existence of other such coverage unless the policy provides a minimum amount payable, regardless of the reduction, of fifty dollars ($50.00) per month."